GAIDRY, J.
Ijn this workers’ compensation case, plaintiff appeals a trial court judgment *708 denying her claim for indemnity benefits. We'affirm.
Plaintiff, Theresa Jackson, began employment as a- chicken de-boner for defendant, Sanderson • Farms (“Sanderson”), on January 2, 2003. On January 22, 2003, Jackson slipped and fell, allegedly hurting her* back and left leg. This accident was reported the same day to Sanderson’s human resource manager, Chip Blessey, and Jackson went home for the rest of the day. Upon reporting to work the next day, Jackson continued to complain of pain, and was sent by Blessey to North Oaks Medical Center, where she was evaluated by Dr.' Mark Daunis. X-rays of the thoracic spine, ribs, left knee, right shoulder, left tibia, and left fibula were all normal. Dr. Daunis diagnosed Jackson with a strain and released her to return to work on light duty.
Jackson did not return to work for approximately two weeks. Upon her return, she was assigned to light-duty work in compliance with Dr. Daunis’s restrictions. Jackson folded smocks and gloves in the company’s laundry room for four or five days. She did not return after these four or five days, and Sanderson considered her to ¿ave voluntarily quit as of February 20, 2003, after she was instructed to return to available light-duty work, but she refused.
Jackson continued to see Dr. Daunis on January 24, January 30, February 5, and February 18, 2003. During the course of this treatment, Jackson underwent x-rays of her cervical spine, lumbar spine, and left hip. Her cervical x-rays showed severe degenerative disc disease at C5-6. Her left hip' and lumbar spine x-rays were normal. On February 18, 2003, Dr. Daunis discharged Jackson and referred 'her to an orthopedist.
laOn February 24, 2003, Jackson went to Dri Paul van Deventer, complaining of neck, back, and left hip pain. Dr. van Deventer performed another x-ray of the cervical spine, which also showed degenerative-type changes at the C5-6 level, but were otherwise normal. Dr. van Deventer diagnosed her with cervical degenerative disc disease; cervical, lumbar, and thoracic strain; and left hip pain. He placed her on transitional duty status and recommended periodic follow-up treatment throughout her .recovery. He classified her symptoms as a self-resolving strain condition which would take approximately eight to ten weeks to resolve. Jackson did not follow up with Dr. van Deventer.
Dr. Marvin Clifton, a neurosurgeon, began seeing Jackson on March 27, 2003, when she presented complaining of lower back and left lower extremity pain. She continued to complain of pain throughout her treatment with him, and on June 19, 2003, he ordered an MRI of Jackson’s lumbar spine, which was normal. Jackson continued to treat with Dr. Clifton between June 19 and August’ 2003. At each visit Dr. Clifton noted that she remained in treatment, but never addressed her work status. An October 24, 2003 letter to Jackson’s attorney contained the only reference to her ability to work. The letter stated that Jackson was incapable of returning to her previous line of employment. No mention was made in the letter of Jackson’s ability to perform light-duty work.
An independent medical exam was performed on March 30, 2004 by Dr. Thad Broussard. Dr. Broussard’s opinion was that Jackson had long since reached maximum medical improvement and that she was “capable of performing gainful and functional employment, at this time, although it may be restricted duty from what she was undertaking before.” Dr. Broussard recommended that a functional capacity exam be performed to determine I ¿Jackson's current abilities and restric *709 tions so that she could be returned to work.
Medical benefits were paid on Jackson’s behalf in the amount of $14,806.00, but no indemnity benefits were ever paid. Angela Kleamenakis, case manager for Sander-son’s third party workers’ compensation administrator, stated that this was because she had been released to light-duty work and failed to perform the light-duty work offered to her. Kleamenakis stated that she sent a letter to Dr. Clifton on August 4, 2003, requesting his opinion on Jackson’s work status, but that Dr. Clifton never responded. Kleamenakis went on to say that she never received a copy of Dr. Clifton’s October 24, 2003 letter to Jackson’s attorney stating that Jackson was incapable of returning to her previous line of employment.
Jackson filed a disputed claim for benefits on July 28, 2003. After a trial, the workers’ compensation judge (WCJ) rendered judgment in favor of Sanderson, denying Jackson’s claims for indemnity benefits. Specifically, the court found that the medical evidence “overwhelming preponderates against a finding of temporary total disability.... [and] Jackson’s own testimony indicates the limitations on her activities are self-imposed.” Jackson filed the instant appeal, alleging that the WCJ erred in finding that she was not entitled to temporary total disability and that her limitations were self-imposed.
Louisiana Revised Statutes 23:1221(l)(c) provides that compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that she is physically unable to engage in any employment, regardless of the nature or character of the employment. The issue of disability is a factual determination which may not be reversed on appeal absent manifest error or [¡¡unless clearly wrong. See Creel v. Concordia Electric Cooperative, Inc., 95-914 (La.App. 3 Cir. 1/31/96), 670 So.2d 406, 408 writ denied, 96-0577 (La.4/19/96), 671 So.2d 923.
The evidence in the record is clear that Jackson was released by her doctors to light-duty work, that such work was made available to her by Sanderson, and that she refused to do such work. Further, the medical evidence in the record, as well as the testimony, amply supports the WCJ’s finding regarding Jackson’s disability, and we find no manifest error.
DECREE
The judgment of the WCJ denying plaintiff, Theresa Jackson’s, claim for workers’ compensation indemnity benefits is affirmed. Costs of this appeal are to be borne by Jackson.
AFFIRMED.